IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TAFFIE JONES                             FILED                    CIVIL ACTION

        v.                            DEC 3 0 2013

FLASTER/GREENBERG P.C.          MICHAEL E. KUNZ, Clerk
                                By_____ Dep. Clerk           NO. 13-2771

**MEMORANDUM**

**Padova, J.**                                                    **December 30, 2013**

Plaintiff Taffie Jones has brought this breach of contract action against her former employer, Flaster/Greenberg P.C. ("Flaster"), arising from Flaster's termination of her employment eight months after she was hired. Flaster has moved to dismiss for failure to state a claim upon which relief may be granted. For the following reasons, the Motion is granted in part and denied in part.

## I.     BACKGROUND

The Complaint alleges the following facts. On February 22, 2012, Flaster offered Jones an associate attorney position in the intellectual property department of its Philadelphia office. (Compl. ¶ 5, Ex. A.) At that time, Jones was self-employed as an attorney in Chicago, Illinois and lived in Forest Park, Illinois, a suburb of Chicago. (Id. ¶¶ 8, 10-11.) She was a member of the Illinois bar and the federal patent bar. (Id. ¶ 9.) Flaster promised Jones that, if she accepted the offer, she would be mentored by Lynda Calderone, Esq., who was a Flaster shareholder and chair of Defendant's intellectual property department. (Id. ¶ 14.) The promise of this mentorship was important to Jones because she wanted to obtain training and experience as a patent attorney. (Id. ¶ 15.) Jones accepted the offer based on this promise, closed her practice and moved to Philadelphia, where she began work with Flaster on March 12, 2012. (Id. ¶¶ 7, 14.)

Jones did not receive the mentoring she expected from Calderone.  (Id. ¶ 18.)  Rather, Calderone berated and yelled at her.  (Id. ¶ 20.)  In addition, Jones worked fewer hours than Flaster required because Calderone would not give her work.  (Id. ¶ 21.)  Calderone also falsely told others that Jones missed deadlines and made errors in her work.  (Id. ¶ 22.)  Jones spoke to Calderone, other shareholders of Flaster, and the firm's Human Resources Director about Calderone's treatment of her, but nothing helped.  (Id. ¶ 24.)  On November 9, 2012, Jones reported the hostile work environment she was experiencing to Flaster's human resources department.  (Id. ¶ 25.)  On November 30, 2012, Flaster fired Jones.  (Id. ¶ 26.)  Flaster claimed it terminated Jones based on her performance even though Jones had been given a positive performance review on November 2, 2012.  (Id. ¶¶ 26-27.)

As a result of Flaster's termination of Jones, she now has no job in Pennsylvania, where she is not licensed to practice.  (Id. ¶ 29.)  Jones has also suffered a loss of income and impairment to her professional reputation as a result of her termination.  (Id. ¶¶ 30-31.)

The Complaint asserts three claims for relief.  Count I asserts a claim for breach of implied contract.  Count II asserts a claim for promissory estoppel/detrimental reliance.  Count III asserts a claim for negligent misrepresentation.  Flaster has moved to dismiss the Complaint in its entirety for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.    LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v.

White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).  We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff.  DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (citing Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011)).  Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  Twombly, 550 U.S. at 555 (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'"  Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  In the end, we will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "'to raise a right to relief above the speculative level.'"  West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 169 (3d Cir. 2013) (quoting Twombly, 550 U.S. at 555).

3

### III.   DISCUSSION

#### A.   The Breach of Implied Contract Claim

The Complaint alleges that there was an implied contract of employment between Jones and Flaster, created by Flaster's knowledge of the substantial hardship that Plaintiff incurred in accepting Flaster's job offer.  (Compl. ¶¶ 36-38.)  The Complaint further alleges that Flaster breached this implied contract of employment by firing Jones without just cause, within an unreasonable amount of time after she began her employment.  (Id. ¶ 39.)  Flaster argues that the Complaint fails to state a claim for breach of an implied contract of employment upon which relief may be granted because Jones was an at-will employee.

"The general rule in Pennsylvania is that employment is at-will unless there is a statutory or contractual provision to the contrary."  Wallett v. Pennsylvania Turnpike Comm'n, 528 F. App'x 175, 180 (3d Cir. 2013) (citing Weaver v. Harpster, 975 A.2d 555, 556 (Pa. 2009)). "[T]he at-will employment doctrine provides that absent a statutory or contractual provision to the contrary, the employer and employee each have the power to terminate the employment relationship for any or no reason."  Weaver, 975 A.2d at 557 n.3 (citing Geary v. United States Steel Corp., 319 A.2d 174, 176 (Pa. 1974)).  The "presumption of at-will employment can be overcome by showing that there is an express contract between the parties, with a provision stating that an employee can only be terminated 'for cause.'"  Preobrazhenskaya v. Mercy Hall Infirmary, 71 F. App'x 936, 940 (3d Cir. 2003) (citing Scott v. Extracorporeal, Inc., 545 A.2d 334, 336-37 (Pa. Super. Ct. 1988)).  "An 'implied-in-fact' contract can also suffice, if additional consideration passes from the employee to the employer 'from which the court can infer the parties intended to overcome the at-will presumption.'"  Id. (quoting Raines v. Haverford College, 849 F. Supp. 1009, 1012 (E.D. Pa. 1994)).

4

Additional consideration sufficient to overcome the at-will presumption exists where the employee "'affords his employer a substantial benefit other than the services which the employee is hired to perform, or when the employee undergoes a substantial hardship other than the services which he is hired to perform.'" Martin v. Safeguard Scientifics, Inc., 17 F. Supp. 2d 357, 369 (E.D. Pa. 1998) (footnote omitted) (citing Darlington v. General Electric, 504 A.2d 306, 315 (Pa. Super. Ct. 1986)). Whether or not sufficient additional consideration exists is a question of fact for the jury. Woods v. Era Med LLC, 677 F. Supp. 2d 806, 817 (E.D. Pa. 2010) (citing Rapagnani v. Judas Co., 736 A.2d 666, 760-71 (Pa. Super. Ct. 1999)). "[T]he plaintiff has the burden to present facts to overcome the at-will presumption." Preobrazhenskaya, 71 F. App.x at 940 (citing Murray v. Commercial Union Ins. Co., 782 F.2d 432, 435 (3d Cir. 1986)).

Jones maintains that the Complaint alleges sufficient additional consideration to overcome the at-will presumption and establish the existence of an implied-in-fact employment contract between herself and Flaster. The Complaint alleges that, before Jones was contacted by a legal recruiter on behalf of Flaster, she lived and worked in Illinois and had no interest in looking for a new job or moving away from Illinois. (Compl. ¶¶ 10-13.) However, in order to take advantage of the terms of Flaster's offer of employment, Jones closed her law practice and moved 765 miles from Illinois to Philadelphia to begin her employment with Flaster. (Compl. ¶ 14.) The Complaint further alleges that Jones had no friends or family in Philadelphia when she moved here and was not admitted to the Pennsylvania bar. (Id. ¶¶ 14, 29, 35.)

Flaster argues that Jones cannot overcome the at-will presumption for two reasons. First, Flaster maintains that its Employment Manual unambiguously establishes that Jones was an at-will employee. Second, Flaster contends that the facts alleged in the Complaint do not establish that Jones experienced hardship in connection with her employment with Flaster that was

5

sufficient to overcome the at-will presumption and create an implied-in-fact contract of employment.

1.     The Employment Manual

Flaster contends that any hardship experienced by Jones in connection with her acceptance of employment with Flaster is irrelevant because Flaster's Employment Manual makes it clear that she was an at-will employee.  Flaster relies on Walden v. Saint Gobain Corp., 323 F. Supp. 2d 637 (E.D. Pa. 2004), which states that "the existence of a specific agreement for at-will employment defeats any effort to supplant the at-will presumption."  Id. at 647 (citations omitted).

Flaster maintains that its Employment Manual unambiguously states that Jones was an at-will employee.  Flaster has attached a copy of its Employment Manual to its Motion to Dismiss. (See Def.'s Mot., Ex. 2A.)  As we mentioned previously, when we decide a motion to dismiss brought pursuant to Rule 12(b)(6), we can consider only the following documents:   "the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer, 605 F.3d at 230 (citing Pension Benefit Guar. Corp., 998 F.2d at 1196).  Flaster's Employment Manual is not mentioned in or attached to the Complaint, and none of Jones's claims are based on that document.  Flaster contends that we may consider the Employment Manual anyway, because it is mentioned in the offer letter it sent to Jones, which is mentioned in the Complaint and attached to the Complaint as Exhibit A.  The offer letter does not, itself, state that Jones will be an at-will employee if she accepts Flaster's offer of employment.  (See Compl. Ex. A.)  Indeed, the offer letter makes only two references to Flaster's Employment Manual:

6

> You will be entitled to participate in the firm's origination bonus program, a description of which is outlined in the Firm Employment Manual, a copy of which will be given to you at orientation. The Firm also has a discretionary bonus program for attorneys who materially exceed the billable hours target of 1,850 hours.

> Finally, you will be entitled to receive the vacation, health insurance, group life insurance, group disability insurance and all other benefits that the firm makes available to its associate attorneys, which is also specified in the Firm Employment Manual.

(Compl. Ex. A. at 1.)  We conclude that we cannot consider the portion of Flaster's Employment Manual that describes its at-will employment policy in connection with Flaster's Motion to Dismiss because the Employment Manual is not mentioned in the Complaint, is not an exhibit to the Complaint, and is not a matter of public record, and because Jones's claims do not rely on that document.  Mayer, 605 F.3d at 230 (citing Pension Benefit Guar. Corp., 998 F.2d at 1196). The Motion to Dismiss is, therefore, denied as to Flaster's argument that Jones's claim for breach of implied contract (Count I of the Complaint) fails to state a claim upon which relief may be granted because its Employment Manual establishes that Jones was an at-will employee.

        2.     Substantial hardship

Flaster also argues that Jones cannot overcome the at-will presumption because the facts alleging hardship in the Complaint do not rise to the level necessary to create an implied contract of employment.  The hardships alleged in the Complaint primarily pertain to Jones's relocation from Chicago, Illinois to Philadelphia, Pennsylvania in order to accept Flaster's job offer. "Cases finding additional consideration sufficient to overcome the at-will presumption often focus on the degree of hardship an employee endured to relocate to another region in comparison to the length of time of the employment relationship."  Woods, 677 F. Supp. 2d at 817.  See also Permenter v. Crown Cork & Seal Co., Inc., 38 F. Supp. 2d 372, 379 (E.D. Pa. 1999) (noting that

one of the factors considered by courts examining whether the at-will presumption has been overcome by a showing of substantial hardship is "the relocation of an employee, particularly when accompanied by relocation of a family." (citing Shaffer v. BNP/Cooper Neff, Inc., Civ. A. No. 98–71, 1998 WL 575135, at *4 (E.D. Pa. Sept. 4, 1998))). Courts also consider whether the employee had to give up other job opportunities or sell her home in order to take the job. Permenter, 38 F. Supp. 2d at 379 (citing Marsh v. Boyle, 530 A.2d 491, 494 (Pa. Super. Ct. 1987).

Flaster argues that moving to a new place to accept a job is not sufficient hardship to overcome the at-will presumption, even if the employee moves away from friends and family. In Cashdollar v. Mercy Hospital of Pittsburgh, 595 A.2d 70 (Pa. Super. Ct. 1991), the Pennsylvania Superior Court concluded that the hardships experienced by the plaintiff in accepting a job with the defendant constituted "sufficient additional consideration to rebut the at-will presumption" where the plaintiff left a secure job, moved from Virginia to Pennsylvania, "uprooted his pregnant wife and two-year-old child and sold his home" and was terminated after working for defendant for only sixteen days. Id. at 72, 73-74. Similarly, in News Printing Co., Inc. v. Roundy, 597 A.2d 662 (Pa. Super. Ct. 1991), the Pennsylvania Superior Court found that there was sufficient additional consideration to overcome the at-will presumption where the plaintiff quit his job and rejected another job offer to accept an offer from the defendant, sold his home in Massachusetts, purchased a home in Pennsylvania, and was fired less than four months after beginning his new job with the defendant. Id. at 663, 665.

However, even if the employee experiences a substantial hardship in order to accept a new job, the Pennsylvania courts will not recognize an implied contract of employment for an unlimited period of time. Rather, the Pennsylvania courts will only recognize the creation of an

8

implied contract for a reasonable period of time.  See Woods, 677 F. Supp. 2d at 817 ("If sufficient additional consideration is present in a case, a plaintiff is entitled to protection from being discharged without cause for a reasonable time."). (citing Veno v. Meredith, 515 A.2d 571, 580 n.4 (Pa. Super. Ct. 1986)).  "The length of time during which it would be unreasonable to terminate, without just cause, an employee who has given additional consideration should be commensurate with the hardship the employee has endured or the benefit he has bestowed." Veno, 515 A.2d at 580.  In Veno, the plaintiff argued that he had given his employer sufficient additional consideration to create an implied contract of employment and could never be fired except for "just cause," because he gave up another job and moved from New Jersey to Pennsylvania to accept a job with the defendant and refused other jobs over the years.  Id. at 579-80.  The Pennsylvania Superior Court disagreed, and determined that, since the Plaintiff had been employed for eight years, "the 'reasonable length of time' . . . has surely passed based on the consideration given."  Id. at 580 n.4.  Similarly, in Zysk v. FFE Minerals USA Inc., 225 F. Supp. 2d 482 (E.D. Pa. 2001), the district court held that, even if the plaintiff, who had moved from Washington to Pennsylvania to accept a job, had established an-implied in-fact contract for employment for a reasonable period of time, his "two-plus years of employment with Defendant more than fulfilled the required 'reasonable period.'"  Id. at 502.

Flaster asks us to decide that the hardships alleged in the Complaint are insufficient as a matter of law to create an implied contract of employment.  This is ordinarily a question of fact for the jury, Woods, 677 F. Supp. 2d at 817, and we may only take this issue from the jury if "'the resolution of the issue is so clear that reasonable minds would not differ on its outcome.'" Id. (quoting DiBonaventura, 539 A.2d at 868).  The Complaint alleges that, in order to accept Flaster's job offer, Jones closed her successful law practice and moved 765 miles across the

9

country to Philadelphia, where she had no friends or family and was not admitted to the bar. (Compl. ¶¶ 14, 29.) Based upon the authority cited above and the facts alleged in the Complaint, we conclude that the question of whether the hardship Jones allegedly experienced was sufficient to overcome the at-will presumption is not so clear that reasonable minds would not differ on its outcome. See Woods, 677 F. Supp. 2d at 817. Consequently, we also conclude that the Complaint plausibly alleges that Jones suffered a substantial hardship in order to begin her employment with Flaster, thus creating an implied contract for a reasonable period of employment. Zysk, 225 F. Supp. 2d at 502. The Complaint further alleges that Jones was fired without just cause eight months after she moved from Chicago to Philadelphia to begin her employment with Flaster. (Compl. ¶ 39.) Therefore, we additionally conclude that the Complaint plausibly alleges that Flaster breached its implied contract of employment with Jones by terminating her in less than a reasonable period of time. Flaster's Motion to Dismiss is thus denied as to its argument that Jones's claim for breach of implied contract (Count I of the Complaint) fails to state a claim upon which relief may be granted because the facts alleging hardship in the Complaint are insufficient to overcome the at-will presumption.

    B.    Promissory Estoppel/Detrimental Reliance

    The Complaint alleges that, in order to induce Jones to accept its job offer, Flaster promised Jones "that she would be mentored, trained, and directed by senior attorneys and shareholders, including Attorney Calderone." (Compl. ¶ 42.) The Complaint further alleges that Jones relied on this promise in accepting the job. (Id. ¶ 43.) Flaster argues that the Complaint fails to state a promissory estoppel/detrimental reliance claim upon which relief may be granted because Plaintiff was an at-will employee and because the alleged promise is too vague to support such a claim.

10

"Promissory estoppel and detrimental reliance claims are treated interchangeably by Pennsylvania Courts." CMR D.N. Corp. v. City of Philadelphia, 703 F.3d 612, 634 n.15 (3d Cir. 2013) (citing Rinehimer v. Luzerne Cnty. Cmty. Coll., 539 A.2d 1298, 1306 (Pa. Super. Ct. 1988)). The elements of a claim for promissory estoppel and detrimental reliance are: (1) a promise made by the defendant to the plaintiff, which the defendant expected would induce action on the part of the plaintiff; (2) which does induce the expected action by the plaintiff; and (3) "injustice can only be avoided by enforcing the promise." Id. at 634 (internal quotation omitted); see also C&K Petroleum Prods., Inc. v. Equibank, 839 F.2d 188, 192 (3d Cir. 1988) (citations omitted).

Flaster argues that Jones's claim for promissory estoppel/detrimental reliance should be dismissed because "Pennsylvania courts do not recognize a cause of action for promissory estoppel in the context of at-will employment." Walden v. Saint Gobain Corp., 323 F. Supp. 2d 637, 646 (E.D. Pa. 2004) (listing cases). We have determined that the Complaint states a plausible claim for breach of an implied contract of employment. Consequently, we deny the Motion to Dismiss as to Flaster's argument that Jones's claim for promissory estoppel/detrimental reliance fails to state a claim upon which relief may be granted because the Pennsylvania courts do not recognize such claims in the at-will employment context.

Flaster also argues that Jones's promissory estoppel/detrimental reliance claim should be dismissed because its alleged promise that Plaintiff would be "mentored, trained and directed by senior attorneys, including Attorney Calderone" (Compl. ¶ 42), is too vague and indefinite to support such a claim. Under Pennsylvania law, "[t]he first essential element of promissory estoppel requires an express promise between the promisor and promisee. A 'broad or vague implied promise' will not suffice." Burton Imaging Grp. v. Toys "R" Us, Inc., 502 F. Supp. 2d

11

434, 439 (E.D. Pa. 2007) (quoting <u>C&K Petroleum Prods.</u>, 839 F.2d at 192).   <u>See also</u>

<u>Ankerstjerne v. Schlumberger, Ltd.</u>, 155 F. App'x 48, 51 (3d Cir. 2005) (explaining that a

promise made by a defendant that the plaintiff would be compensated pursuant to the terms of

his compensation plan is "simply too vague and indefinite to constitute a 'promise' for purposes

of promissory estoppel" where the defendant did not "specify how much the plaintiff would be

paid, by whom he would be paid, how payment was to be calculated, or when the plaintiff would

be paid" (internal quotation omitted)).

   The Complaint alleges that Flaster promised Jones that, if she accepted the job offer, "she

would be mentored by Lynda Calderone" and "trained, directed and mentored by senior

attorneys, including Attorney Calderone." (Compl. ¶¶ 14, 15, 42.)  The Complaint also alleges

that Calderone did not mentor, train or direct Jones, but insulted and yelled at her, complained

about her work, and refused to give her any work.  (<u>Id.</u> ¶¶ 18-22.)  We conclude that the promise

alleged in the Complaint, which specifically identified Calderone as an individual who would

train, direct and mentor Jones, is not "too vague and indefinite to constitute a 'promise' for

purposes of promissory estoppel," <u>Ankerstjerne</u>, 155 F. App'x 48 at 51.  Flaster's Motion to

Dismiss is, therefore, denied as to Jones's claim for promissory estoppel/detrimental reliance

(Count II of the Complaint).

   C. <u>Negligent Misrepresentation</u>

   The Complaint alleges that Flaster falsely assured Jones that, if she accepted the job, "she

would have the opportunity to learn and grow as a patent attorney with the direction, training and

mentorship of senior attorneys, specifically Attorney Calderone."   (Compl. ¶ 47.)   The

Complaint further alleges that Jones relied on these assurances to her detriment.  (<u>Id.</u> ¶ 50.)

Flaster argues that the Complaint fails to state a negligent misrepresentation claim upon which

relief may be granted beause Jones was an at-will employee and because the alleged misrepresentation is not actionable.

The elements of a claim for negligent misrepresentation brought under Pennsylvania law are:

(1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and (4) which results in injury to a party acting in justifiable reliance on the misrepresentation.

Bilt-Rite Contractors, Inc. v. The Architectural Studio, 866 A.2d 270, 277 (Pa. 2005) (quoting Bortz v. Noon, 729 A.2d 555, 561 (Pa. 1999)).

Flaster argues that Jones's negligent misrepresentation claim should be dismissed because she was an at-will employee and some courts in this state "have refused to recognize such a claim for at-will employees." (Def.'s Mem. at 11.) We have determined that the Complaint states a plausible claim for breach of an implied contract of employment. Consequently, we deny the Motion to Dismiss as to Flaster's argument that Jones's negligent misrepresentation claim fails to state a claim upon which relief may be granted because the Pennsylvania courts do not recognize such claims in the at-will employment context.

Flaster also argues that Jones's negligent misrepresentation claim should be dismissed because the Complaint does not allege the misrepresentation of a present fact that was untrue when it was made. Specifically, Flaster asserts that the Complaint does not allege facts that would establish that it did not intend to provide Calderone with "the opportunity to learn and grow as a patent attorney with the direction, training and mentorship of senior attorneys, specifically Attorney Calderone" (Compl. ¶ 47), at the time that representation was made. Claims for negligent misrepresentation must be based on misrepresentations regarding present

facts, not unfulfilled promises to do acts in the future. Summit Trust Co. v. Paul Ellis Inv. Assoc., LLC, Civ. A. No. 12-6672, 2013 WL 3967602, at *6 (E.D. Pa. Aug. 2, 2013) ("Negligent misrepresentation claims must concern a 'present, material fact,' not merely a 'promise[ ] to do a future act.'" (alteration in original) (quoting Bennett v. Itochu Int'l, Inc., 682 F. Supp. 2d 469, 479–80 (E.D. Pa. 2010))). Consequently, an allegation that a defendant eventually failed to keep a promise is insufficient to support a claim for negligent misrepresentation. See Developers Sur. & Indem. Co. v. Mathias, Civ. A. No. 12-2216, 2013 WL 6504751, at *9 (M.D. Pa. Dec. 11, 2013) (citing Fidurski v. Hammill, 195 A. 3, 4 (Pa. 1937); Bash v. Bell Tel. Co. of Pa., 601 A.2d 825, 832 (Pa. Super. Ct. 1992)). See also Fidurski, 195 A. at 4 ("An unperformed promise does not give rise to a presumption that the promisor intended not to perform when the promise was made, and a fraudulent intention will not be inferred merely from its nonperformance." (citing Warren Balderston Co. v. Integrity Trust Co., 170 A. 282 (Pa. 1934); McCreary v. Edwards, 172 A. 166 (Pa. Super. Ct. 1934)).

The promise at issue in this claim, that Jones "would have the opportunity to learn and grow as a patent attorney with the direction, training and mentorship of senior attorneys, specifically Attorney Calderone" (Compl. ¶ 47), if she accepted Flaster's job offer, was a promise regarding actions that would take place in the future. This promise did not concern a "present, material fact." Summit Trust Co., 2013 WL 3967602, at *6. Moreover, the fact that Flaster did not fulfill this promise cannot raise an inference that this representation was false when it was made or that Flaster should have known this representation was false when it was made. Developers Sur. & Indem., 2013 WL 6504751, at *9. We conclude, accordingly, that the Complaint does not allege facts that would establish the first two elements of a claim for negligent misrepresentation and, therefore, that the Complaint fails to state a claim for negligent

14

misrepresentation upon which relief may be granted.  Flaster's Motion to Dismiss is, therefore, granted as to Jones's claim for fraudulent misrepresentation (Count III of the Complaint).

## IV.    CONCLUSION

For the foregoing reasons, the Motion to Dismiss is denied as to Jones's claim for breach of implied contract (Count I) and Jones's claim for promissory estoppel/detrimental reliance (Count II).  The Motion is granted as to Jones's claim for negligent misrepresentation (Count III).  An appropriate order follows.

BY THE COURT:

_____

John R. Padova, J.